ELIJAH DASEY, d. b., *vs.* STATE OF DELAWARE, by complaint of
ELIJAH J. FARLOW, p. b.

*Justice of the Peace—Certiorari—Jurisdiction—Trespass Act—Ap-*
  *peal, when Allowed—Execution—The Fine a Judgment;*
  *How Collected.*

Under the trespass act (*Section 21, Chapter 128, Rev. Code*), an appeal is al-
lowed only when the party charged with committing the trespass claims the owner-
ship of the premises    If the appeal is improperly allowed execution cannot be issued,
but the fine may be collected as provided by *Section 21 of the Act.*—The fine is a
judgment.

(*October 11, 1905.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Charles F. Richards* and *Charles S. Richards* for plaintiff in
error.

*Woodburn Martin* for defendant in error.

Superior Court, Sussex County, April Term, 1905.

CERTIORARI (No. 23, October Term, 1905), to William S.
Long, a Justice of the Peace in and for Sussex County.

The record of the Justice was as follows:

" SUSSEX COUNTY,            } .ss.
STATE OF DELAWARE.         }

  " To any Constable in said County, Greeting :

  " Whereas, Elijah J. Farlow, of Baltimore Hundred, Sussex
County, State of Delaware, has, upon oath, before me, a Justice of
the Peace of said County, declared that on the fifth day of July,
1904, in Baltimore Hundred aforesaid, one Elijah W. Dasey, late
of the County and State aforesaid, did then and there wilfully enter

into, upon and trespass upon the ways lands and premises of the said Elijah J. Farlow, situate in Baltimore Hundred, County and State aforesaid, and was then and there and thereby guilty of a nuisance, under *Section 21, Chapter 128 of the Revised Code*, and that he, the said Elijah J. Farlow, has just cause to suspect and does suspect the said Elijah W. Dasey of Baltimore Hundred, of committing the said offense ; you are, therefore, commanded to take the said Elijah W. Dasey and bring him before me, or some other Justice of the Peace of the County forthwith to answer said charge. Witness the hand and seal of the said Justice the eighth day of July, 1904.

[SEAL]　　　　　　　　　" WILLIAM S. LONG, *J. P.*

| " STATE OF DELAWARE by complaint of ELIJAH J. FARLOW, Justice costs, .........$0.65 Constable costs, ... .98 .50 | Action upon the charge of wilfully committing a nuisance upon the lands of another, under *Section 21, Chapter 128 of the Revised Code*. July eighth affidavit of complainant filed, warrant issued and directed to James Long, Constable, returnable at my office in Frankford forthwith. |

" And now, to wit, this the ninth day of July, 1904, warrant returned *cepi corpus* says James Long, Constable, and upon arraignment Elijah W. Dasey, the said defendant, says not guilty, and after hearing the proofs and allegations on the part of both the complainant and the defendant, and duly considering the same, I do find, adjudge, and decree the said Elijah W. Dasey guilty of having wilfully committed the nuisance alleged, and do fine him five dollars and the cost of this suit.

" WILLIAM S. LONG, *J. P.*

" On the ninth day of July, 1904, Elijah W. Dasey appeals, and John M. Rogers becomes surety in the sum of twenty dollars,

that the said appeal shall be prosecuted with effect, also any judgment which shall be rendered against the said Elijah W. Dasey, or his executors, or administrators upon said appeal shall be satisfied.

" E. W. DASEY,

" J. M. ROGERS."

(This appeal was never entered in the Superior Court, which Justice ascertained from Prothonotary before issuing execution.)

## EXCEPTIONS.

Elijah Dasey, the plaintiff in the above certiorari by Charles F. Richards and Son, his attorneys, files the following exceptions why the judgment of the State of Delaware, by complaint of Elijah J. Farlow, against Elijah Dasey should not be set aside and vacated.

*First.* For that the said Justice rendered said judgment without warrant or authority of law.

*Second.* For that the said record does not show or state the amount for which judgment was rendered.

*Third.* For that the judgment rendered by the said Justice is void and of no effect, in this, that he had no jurisdiction or authority to render judgment for any amount.

*Fourth.* For that the execution issued upon the said judgment was void and without authority of law.

*Fifth.* For that the execution issued by the said Justice was void and of no effect in this, that the requirements of the statute under which the proceedings were instituted were not complied with.

*Sixth.* That the said execution was and is void and of no effect in this, that the record shows an appeal had been taken, and the said Justice issued an execution without any certificate that said appeal had been dismissed, or had not been duly entered.

The Court held that an appeal could be allowed only when the party charged with committing the trespass claimed the ownership of the premises: that as the appeal was improperly allowed, execution could not be issued, but the fine should be collected as provided by *Section 21, Chapter 128, Rev. Code;* that the fine was a judgment.

> Judgment affirmed ; execution set aside.

