## WILLIAM BLAZIER AND FRANK JARCKE v. MARTIN E. KEFFER, RECORDER OF ATLANTIC CITY.

Argued November 5, 1909—Decided February 21, 1910.

1. Where there has been a conviction for violation of a city ordinance before a magistrate and the record contains the entry "sentence suspended," a writ of *certiorari* will lie to review the proceedings.
2. Where a conviction in proceedings before a police magistrate for violation of a city ordinance includes also a conviction for crimes indictable by a grand jury, it will be set aside.

---

On *certiorari* to Martin E. Keffer, recorder of Atlantic City.

Before Justices SWAYZE, TRENCHARD and PARKER.

For the prosecutors, *Thompson & Cole.*

For the defendants, *Harry Wootton* and *Bourgeois & Sooy.*

The opinion of the court was delivered by

SWAYZE, J. It is argued that this *certiorari* is prematurely sued out because a final judgment has not been pronounced

in the court below. The record shows that the court found the defendants guilty on all the charges as laid in the complaint, then follow the words, "sentence suspended." The charges are of such a serious nature that if the defendants were guilty, no conscientious magistrate would have failed to impose a severe penalty. The failure of the recorder in this case to do so leads us to believe that he hoped, by taking the course he did, to escape a review of the proceedings. Fortunately, the law is not so impotent. It would be quite intolerable if citizens could be prevented from securing redress of a just grievance by the mere trick of the magistrate. In such a case it would be the duty of this court, in the exercise of its discretionary power, to issue the writ in order that the conviction might be reviewed, and the way left open for the defendants, in case they succeeded, to bring a suit for malicious prosecution or false imprisonment. We need not rest our right to review these proceedings upon this view. Conceding that the writ of *certiorari,* when used as a substitute for a writ of error, ought not to be issued until the proceedings below have reached a final determination, we think that in this case the record shows such a determination. The defendants had been found guilty of a violation of the ordinance, and that conviction itself might well be held to be the final determination of the case, since proceedings for the violation of a municipal ordinance are not subject to the same rules as proceedings upon an indictment, where there is no final judgment until the court pronounces sentence upon the verdict of a jury. In summary proceedings, like those involved in the present case, the court itself convicts, and need not impose any penalty. In this case the recorder, after the conviction, announced his determination. The words "sentence suspended" amount to a declaration that no punishment ought to be inflicted. His own language satisfies us that he did not mean to withhold sentence in order that it might be pronounced at some future time, but because he assumed to think that no penalty ought to be imposed, and while the words "sentence suspended" are inapt in a proceeding for a penalty for the violation of a city ordinance, we

think the recorder's intent was sufficiently clear. The objection that the *certiorari* was prematurely allowed is untenable.

We do not mean, however, to be understood as approving of the idea, which the recorder seems to have had, that this was a criminal action and that it was his prerogative to impose sentence as for a crime, if he chose to do so. Nor do we mean to be understood as approving of the notion that a mere police magistrate, on a proceeding for a penalty, has the power which in some jurisdictions is denied to courts of superior criminal jurisdiction, to reserve indefinitely his decision as to the penalty to be imposed.

We proceed to the consideration of the merits. The charge was (1) that the defendants quarreled upon a public street of Atlantic City with persons unknown and drew and exhibited revolvers or guns and created a quarrel and brawl and misbehaved in a disorderly manner, contrary to the provisions of section 1 of the ordinance; (2) that the defendants quarreled with persons unknown and drew revolvers or guns which they pointed and directed at persons unknown; that on the public street they shot and discharged fire-arms and created a brawl and disturbance, contrary to the provisions of section 2 of the ordinance; (3) that the defendants engaged in a quarrel or altercation with people passing along the public streets and drew revolvers or guns and threatened to shoot and kill people on the streets, and shot and discharged fire-arms in the street, and caused to collect and gather a large crowd of people and thereby obstructed and impeded the people on the streets, and interfered with the comfort of people, contrary to the fourth section of the ordinance.

The recorder found the defendants guilty on all the counts laid in the complaint, and adjudged, in particular, that they quarreled and drew and exhibited revolvers or guns, created a quarrel or brawl and misbehaved in a disorderly manner, contrary to the provisions of section 1; that they drew revolvers or guns and pointed and directed them at people in the public streets, and shot and discharged them and created a brawl and disturbance in the public street; that they engaged in a quarrel and altercation with people passing along

the public streets and drew revolvers or guns and threatened to shoot and injure people on the streets, and quarreled with people passing along the avenue, and drew and pointed at the people revolvers or guns and threatened to shoot and kill persons upon the public avenue; that they shot and discharged fire-arms and caused to collect and gather a large crowd of people on the street, and obstructed and impeded and interfered with the comfort of people on the streets.

The conviction includes not only a conviction for disorderly conduct, but also a conviction for a common law assault, for assault with intent to kill, and assault with deadly weapons. Crimes of that kind are outside of the jurisdiction of the recorder. *Atlantic City* v. *Rollins,* 47 *Vroom* 254. As to them, the defendants were entitled to the protection afforded by their constitutional right to an indictment by a grand jury and trial before a traverse jury. The inclusion of a conviction for these crimes is of itself sufficient to vitiate the proceedings, but this conviction fails even to show violations of the ordinance. One of the charges of which the defendants were convicted is that they created a quarrel and brawl and misbehaved in a disorderly manner, contrary to the provisions of section 1 of the ordinance. This is not an offence under that section. The provision is that no person shall revel, quarrel, brawl or otherwise misbehave in a disorderly manner, to the disturbance or annoyance of the peaceable inhabitants of the city. This last element is essential to the offence under the ordinance. The omission of this essential averment in the complaint and in the conviction is fatal.

Moreover, the defendants were convicted of creating a quarrel and brawl. Creating a quarrel and brawl is not the same thing as engaging in a quarrel and brawl, which is what the ordinance forbids. A young woman may create a quarrel between two of her admirers and yet take no part in it herself. A man may create a brawl by plying others with liquor, and take no part in it himself. The conviction fails to show a violation of section 1 of the ordinance.

Section 2 of the ordinance provides that no person shall make or assist in making, or take active part in, any riot,

noise, quarrel, brawl or disturbance at any house, hotel, saloon, shop, store, or other building or place, either public or private. The evident intent is to reach disturbances of this kind in buildings. The offence, as far as it took place in a public street, is covered by section 1. The conviction is for creating a brawl and disturbance in a public street, not in a building. It fails, therefore, to show any violation of section 2 of the ordinance.

. Section 4 of the ordinance forbids anyone engaging in any practice, sport, game or exercise, and forbids him to do any other act having a tendency to frighten horses or other animals or to annoy persons on the streets or on the sidewalks, or which cause or tend to cause crowds to gather or collect, and so cause obstruction of, or impeding of travel on the streets, sidewalks or other places, or which interfere with the comfort of persons upon or in any such places. The charge is that the act done, by which crowds were caused to gather and people obstructed and impeded, was the shooting and discharging of fire-arms in the public street. If this offence is a violation of section 4 of the ordinance, the conviction for it is so intermingled with the conviction on other charges which do not constitute any act of the kind proscribed in section 4 of the ordinance, that the conviction is quite uncertain in this respect.

We have dealt with the case upon the formal conviction returned in obedience to the writ. The court has certified to us as part of the conviction, a stenographic transcript of the evidence, at the end of which is what appears to be a *verbatim* report of the actual findings of the recorder at the time of the trial. If this were properly before us it would serve to explain the absurdity of this record, for it appears thereby that the recorder found that the evidence did not justify the conclusion that the individuals whom he convicted were responsible for the disturbance.

Regardless, however, of this statement of the recorder, the record itself is such that the conviction must be set aside, with costs.