### THE STATE v. GASTON CLIFFORD.

Argued February Term, 1913—Decided June 19, 1913.

Where the defendant was convicted of keeping a disorderly house and was sentenced to pay a fine of $500 and serve a term in prison, the prison portion of the sentence to remain suspended during good behavior, and defendant paid the fine, and two years thereafter was again convicted and sentenced for a similar offence, and the court revoked the suspension of the former prison sentence and imposed it to run concurrently with the sentence imposed for the second conviction—*Held,* that defendant having paid the fine under the adjudication of this court in *State* v. *Addy,* 14 *Vroom* 113, the imposition of the first sentence as a part of the second sentence was illegal.

On *habeas corpus.*

Before Justice MINTURN.

For the petitioner, *Henry Huston.*

For the state, *William A. Dolan,* prosecutor of the pleas.

The opinion of the court was delivered by

MINTURN, J.  The writ of *habeas corpus* in this case is intended to review the legality of a sentence imposed upon the defendant by the Sussex Quarter Sessions, for keeping a disorderly house.

On December 13th, 1912, the defendant after conviction was sentenced to pay a fine of $500 and to be imprisoned for a maximum term of three years and a minimum term of one year in the state prison.  At the same time the court revoked a suspension of sentence for the term of one year, imposed upon defendant over two years prior to the second conviction, and ordered that the sentence of imprisonment for one year in the state prison be placed in force and operation to run concurrently with the sentence imposed in the later conviction.

The sentence imposed upon the first conviction was that the defendant pay a fine of $500 and be confined in the state prison at hard labor for the term of one year, the prison sentence to stand suspended during good behavior.

The fine was paid and the suspension of the prison sentence continued without further motion until the second conviction, when the suspension was revoked, and the prison term put into effect.

The inquiry presented now is whether the action of the court in this latter respect was legal; the contention being that by the payment of the fine the court was *ipso facto* deprived of the power of imposing the prison sentence.

The Crimes act provides *(Pamph. L.* 1898. *p.* 854, § 218) that the penalty for misdemeanors shall be a fine or imprisonment, or both; and it has been judicially determined that the penalty may be both fine and imprisonment.  *State* v. *Gedicke,* 14 *Vroom* 86.

Whether the satisfaction of the pecuniary portion of the penalty was in effect a satisfaction of the entire penalty, or whether the prison element of the penalty remained sus-

pended *ad infinitum* over the defendant to become operative at the discretion of the court, is the concrete question presented for solution.

If the defendant had not, *pro tanto* at least, satisfied the judgment of the court by the payment of the fine imposed, I should have no difficulty in determining this inquiry adversely to him upon the strength of repeated adjudications. *State v. Mahaney,* 44 *Vroom* 53; *State* v. *Henson,* 37 *Id.* 601; *Clifford* v. *Heller,* 34 *Id.* 105; *Gehrmann* v. *Osborne (Court of Chancery),* 82 *Atl. Rep.* 424.

I feel myself, however, concluded upon the doctrine of *stare decisis,* by the adjudication of this court in *State* v. *Addy,* 14 *Vroom* 113, where, upon a review of the authorities by Mr. Justice Dixon, it was held that "if the court exact of the defendant as the condition of a so-called suspension of sentence, that which it could legally command only as a part of its final judgment, and the defendant comply with such condition, and be discharged, the exaction will be regarded as a sentence, and the power of the court over the defendant will be exhausted."

While the facts in that case are not analogous to those in the case at bar, the reasoning of the court leaves no room to doubt as to the fundamental principle to be applied to varying facts which inevitably must be governed by the same general principle.

The conclusion I have reached, therefore, is that the sentence imposed in this case, based upon the first conviction, must be set aside.

The defendant, if it be necessary so to do, may be resentenced, by the Sessions, on its own motion, under the provisions of chapter 217 of the laws of 1908 (*Pamph. L., p.* 429), which apparently was conceived to meet such a situation.