STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MAX
HABER, PLAINTIFF IN ERROR.

Submitted October 2, 1944—Decided February 28, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and
PERSKIE.

For the plaintiff in error, *Thomas H. Brown.*

For the state, *Walter D. Van Riper,* Attorney-General;
*Simon L. Fisch,* Assistant Attorney-General.

The opinion of the court was delivered by

PERSKIE, J.   Tersely stated the dispositive question for
decision on the facts of this case is whether the re-sentencing
of the plaintiff in error infringes the fundamental require-
ments of due process of law—of fair play.

Our answer to the question is in the affirmative.   A state-
ment of the undisputed events and the dates upon which they
occurred, as disclosed by the record submitted, consisting of
a return to the writ of error and depositions taken on the
ancillary writ of *certiorari* to review the re-sentencing of the
plaintiff in error, hereafter referred to as defendant, will lay
bare the rudimentary basis upon which we reach our stated
answer.

In April of 1943, the December term (1942) grand jury
of Hudson County handed up two indictments, in which

defendant was one of the persons named therein, to the Court of Quarter Sessions for trial. By one indictment (No. 297) defendant was charged with "keeping a gaming resort," and by the other (No. 298) he was charged with "bookmaking on horses." He entered a plea of "not guilty" to each indictment. On April 18th, 1944, he retracted his pleas of "not guilty" and pleaded *"non vult."*

On May 5th, 1944, the day set for sentence, Judge Roberson sentenced defendant to state prison at hard labor for a maximum term of "three (3) years" and a minimum term of "one (1) year" and thence until "costs of prosecution" were paid, but he "suspended" the operation of the "prison sentence," and fined defendant "a total of $1,000 and costs to cover" both indictments and directed that defendant "pay the fine and costs through the probation office." Pursuant to that sentence, defendant paid $45 on account of the fine and costs.

On June 9th, 1944, the Attorney-General (in charge of the office of prosecutor of the pleas of Hudson County), in accordance with a fixed schedule, caused raids simultaneously to be made, at or about 3:30 P. M., on gambling places in that county. As a result of these raids some 60 or 70 persons were found in the places raided and they were arrested on the spot without complaints and warrants. Among those arrested were defendant and some eight or nine other persons found in premises known as 140 48th Street, Union City, New Jersey. All arrested were taken to and arrived at the court house, in Jersey City, about 4:00 P. M. There, according to the defendant, he was kept in a court room from the time of his arrival until some time between 2:00 and 2:30 A. M., of the next day, June 10th, 1944; further that a court attendant would not permit him to use the telephone to call his wife to get his lawyer. During that time defendant, as well as all others, were interrogated, their statements taken, and complaints drawn. Arraignment of those apprehended began before Judge Roberson about ten minutes after one o'clock in the morning on June 10th, 1944. They were arraigned in groups. All persons arrested in a given establishment were told to stand up in a group and were asked, "Who wants to plead guilty?" There being no response, the

Attorney-General announced, "I take it that you are pleading not guilty" and the clerk entered the pleas accordingly. All those who were apprehended with defendant were held in $10,000 bail; defendant, because of his prior sentence (May 5th, 1944), was held in $15,000 bail. Finally, "it was the last thing that was done," sometime between 2:00 and 2:30 A. M., of June 10th, 1944, the Attorney-General, as the result of information brought to his attention by one of his assistants, called Judge Roberson's attention to that information which was to the effect that defendant was on probation, that his presence in the raided premises was a violation of his probation under the sentence of May 5th, 1944, and then the Attorney-General moved that the "previous sentence be vacated and sentence imposed."

The following colloquy ensued between defendant and the judge:

Defendant: "May I say something?"

Judge Roberson: "You may."

Defendant: "Your honor, I was in this place to borrow some money."

Judge Roberson: "You were in this place where gambling is being carried on, were you not?"

Defendant: "I only went there to borrow some money."

Judge Roberson: "You were in this gambling joint where gambling was being carried on, were you not?"

Defendant: "Yes."

Whereupon Judge Roberson, without more, then and there granted the state's motion and re-sentenced defendant, on indictments Nos. 297 and 298, *supra,* that he be confined in the state prison for a maximum term of three (3) years and a minimum term of one (1) year, and thence until the costs of prosecution are paid, sentences to run concurrently. Defendant was remanded to the county jail on the stated indictments and also upon the new charge of bookmaking. The judge remitted the unpaid balance of the $1,000 fine and costs on the sentence first imposed on May 5th, 1944.

Defendant obtained a writ of *habeas corpus.* On July 26th, 1944, it was quashed as having been "improvidently issued" on the theory that the re-sentencing was but a continuation of the original arraignment and hence defendant was not

denied due process of law. *In re Haber,* 132 *N. J. L.* 49; 38 *Atl. Rep.* (2*d*) 448. For the issues under *R. S.* 2:82–13, *b* (Persons who may not prosecute writ) compare, *In re Tremper,* 126 *N. J. Eq.* 276; 8 *Atl. Rep.* (2*d*) 279; *affirmed,* 129 *N. J. Eq.* 274; 19 *Atl. Rep.* (2*d*) 342; *In re Scridlow,* 124 *N. J. L.* 342, 344; 11 *Atl. Rep.* (2*d*) 837; *Lanning* v. *Hudson County Court of Common Pleas,* 127 *N. J. L.* 10, 12; 21 *Atl. Rep.* (2*d*) 295; *affirmed,* 127 *N. J. L.* 604; 23 *Atl. Rep.* (2*d*) 397. Approximately one month later, August 15th, 1944, Judge Roberson, in the absence of the defendant and over the objection of his counsel, "corrected" the sentence under date of May 5th, 1944, so that the concluding words thereof read that defendant *"is placed on probation until the fine and costs (are) paid,"* and he "is to pay fine and costs through the probation office." In other words, for the first time, the sentence of May 5th, 1944, now contained the provision that the defendant be placed on probation.

In the view we take of this case, it would serve no purpose to consider and determine whether, in the circumstances, defendant was or was not arraigned "without unnecessary delay." *R. S.* 2:180B–2. (*Pamph. L.* 1941, *ch.* 89, *p.* 204, § 2.) Nor would it be helpful if we were to consider and determine whether the suspension of the prison terms without reservation of the power of the court to punish defendant at some time in the future here results in a sentence of a fine and costs only (*Cf. State* v. *Addy,* 43 *N. J. L.* 113; 3 *Am. Rep.* 547; *State* v. *Braunstein,* 5 *N. J. Mis. R.* 243; 136 *Atl. Rep.* 199; *Blazier* v. *Keffer,* 79 *N. J. L.* 252; 75 *Atl. Rep.* 439; *State* v. *Clifford,* 84 *N. J. L.* 595; 87 *Atl. Rep.* 97), or whether, as urged by the state, the suspension of the prison sentence was intended merely to suspend its operation or execution. *Cf. State* (*Gehrmann*) v. *Osborne,* 79 *N. J. Eq.* 430; 82 *Atl. Rep.* 424. For this court has held, "cases decided before the enactment of the statute (*R. S.* 2:199–1, *et seq.,* Probation and Parole), are not helpful." *State* v. *Mungioli,* 131 *N. J. L.* 52, 55; 34 *Atl. Rep.* (2*d*) 752. *Cf. Roberts* v. *United States* (*U. S. Supreme Court*), 320 *U. S.* 264; 88 *L. Ed.* 41.

We turn now to *R. S.* 2:199–1, *et seq.* (See epitomized statement of portions thereof in *State* v. *Mungioli, supra* (at

*p.* 54). The provisions are clear and simple. But they are not self-executing. The court is obliged to "determine" and may "modify" the "conditions" of probation and may, among others, include any of the enumerated statutory conditions of probation. *R. S.* 2:199–2. There is not a scintilla of proof in the record submitted to us tending to indicate that Judge Roberson imposed any condition of probation on the defendant, on May 5th, 1944, pursuant to *R. S.* 2:199–2, or otherwise, other than requiring defendant to pay the fine imposed plus costs "through [the] probation office." Nor does that sentence indicate in what amounts or at what times the fine and costs should be paid. The only change wrought by the correction of that sentence on August 15th, 1944, made after the writ of *habeas corpus* had been quashed, was that it was made to show, for the first time, that defendant had been put on probation. And the sentence, as corrected, is utterly barren of conditions of probation other than those stated, namely, that defendant was on probation and that he was to pay the fine and costs through the probation office. Here unlike the facts apparently before the court in *In re Haber, supra,* the suggested condition of probation on the card or book given to the defendant by the probation officer is not made to appear. Failure to pay the fine and costs was, of course, not the reason for the re-sentence.

Nor is there a scintilla of proof in the record, nor claim made to the contrary, to indicate that defendant's alleged violation of a condition of his probation was brought to the attention of Judge Roberson other than in the method heretofore stated. That method does not conform with *R. S.* 2:199–4, the provisions of which were completely ignored.

Be all this as it may, we shall assume, without so deciding, that the manner of bringing a violation of a condition of probation to the attention of the judge is, as urged, directory and not mandatory, nonetheless, it is clear that defendant's probation could not be revoked until "after" he had been afforded a "summary hearing." *R. S.* 2:199–4.

In a "summary hearing" on a penal ordinance or statute nothing will be presumed or intended in favor of the complaint or conviction (*Cf. State* v. *Rowe,* 116 *N. J. L.* 48; 181 *Atl. Rep.* 706; *affirmed,* 122 *N. J. L.* 466; 5 *Atl. Rep.*

(2d) 697). So in a "summary hearing," as here, concerning as it did the liberty of defendant, nothing is presumed in favor of the manner in which defendant was deprived of that liberty.

It is not, in our opinion, a good answer to say that the summary hearing was but a continuation of the original arraignment on May 5th, 1944, when the defendant entered pleas of *non vult,* and hence there was no violation of his right to due process of law—of fair play. For the issue on the re-sentence which should have been heard and determined was whether the defendant had in fact violated a condition of his probation. Such issue was obviously not involved on the original arraignment.

Defendant, guilty or innocent, was entitled to due process of law—to fair play, from the beginning, throughout and in the concluding steps of the case. *Cf. Morgan* v. *United States,* 304 *U. S.* 1; 82 *L. Ed.* 1129, 1133; *Redcay* v. *State Board of Education,* 128 *N. J. L.* 281, 285; 25 *Atl. Rep.* (2d) 632. Justice required that defendant be given notice, opportunity to be heard and to defend himself in a timely and orderly proceeding adapted to the case. The informal colloquy between the defendant and Judge Roberson is no substitute for these fundamental requirements. *Cf. State* v. *Mungioli, supra,* last pararagraph, pages 55, 56.

Moreover, defendant was held under $15,000 bail. If that was not sufficient, it could have been increased. There is nothing to justify the necessity for the undue haste here exhibited, or the unusual hour (between 2:00 and 2:30 o'clock in the morning) for the re-sentencing of the defendant. *Cf. Test* v. *Test,* 131 *N. J. Eq.* 197; 24 *Atl. Rep.* (2d) 226; *Johnson* v. *City of Wildwood,* 116 *N. J. L.* 462; 184 *Atl. Rep.* 616; *Kruttschnitt* v. *Hagaman,* 128 *N. J. L.* 246; 25 *Atl. Rep.* (2d) 200; *DiMaio* v. *Reid,* 132 *N. J. L.* 17; 37 *Atl. Rep.* (2d) 829.

The result thus reached makes it unnecessary further to comment upon the other points raised.

Judgments are reversed.