ALEXIS S. REED, A MINOR, BY AND THROUGH HER NATURAL GUARDIAN, ROBERT B. REED; AND ROBERT B. REED AND EVANGELYNN C. REED, INDIVIDUALLY, PETITIONERS-APPELLANTS, v. ATTORNEY GENERAL OF THE STATE OF NEW JERSEY; SUPERINTENDENT OF SCHOOLS OF HUNTERDON COUNTY, NEW JERSEY; COMMISSIONER OF EDUCATION OF THE STATE OF NEW JERSEY; THE NEW JERSEY STATE BOARD OF EDUCATION; DIRECTOR, DIVISION OF BUDGET AND ACCOUNTING OF THE STATE OF NEW JERSEY; TREASURER OF THE STATE OF NEW JERSEY; DELAWARE VALLEY REGIONAL HIGH SCHOOL BOARD OF EDUCATION; AND FRENCHTOWN ELEMENTARY SCHOOL DISTRICT, RESPONDENTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued March 14, 1984—Decided August 7, 1984.

Before Judges FRITZ, FURMAN and DEIGHAN.

*Robert B. Reed* argued the cause for appellants (*Reed, Strauss & Tauriello,* attorneys).

*Alfred E. Ramey,* Jr., Deputy Attorney General, argued the cause for respondents Attorney General of the State of New Jersey; Hunterdon County Superintendent of Schools; Commissioner of Education; State Board of Education; Director, Division of Budget and Accounting and Treasurer of the State of New Jersey (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney; *James J. Ciancia,* Assistant Attorney General, of counsel; *Alfred E. Ramey,* on the brief).

*James W. Lance* argued the cause for respondent Board of Education of the Delaware Valley Regional High School District (*Wesley L. Lance,* attorney).

*Eugene M. Friedman* argued the cause for amici curiae.

The opinion of the court was delivered by

FRITZ, P.J.A.D.

Appellants, a child resident in New Jersey but enrolled in a private school in Pennsylvania and her parents, unsuccessfully challenged the refusal by the local Board of Education of their request for private school transportation. Asserting here that

*N.J.S.A.* 18A:39–1 is unconstitutional as limited by this rejection, they appeal.[1]  We affirm.

The Reeds brought an action in the Chancery Division seeking a declaratory judgment declaring *N.J.S.A.* 18A:39–1 to be unconstitutional to the extent that it was construed to limit payment for transportation to that "within the State" and to deny transportation to a private school in an adjoining state.[2]

---

[1]The appeal is from an interlocutory order since it is from that of the Commissioner of Education upon which the State Board has not acted.  As such it is subject to dismissal.  *Frantzen v. Howard,* 132 *N.J.Super.* 226 (App. Div.1975).  However, the State has not raised the issue, the matter is one of substance and interest extending beyond these parties and, most significantly, is wholly a matter of law.  *See N.J. Civil Service Ass'n v. State,* 88 *N.J.* 605, 613 (1982).  For these reasons we undertake to consider the merits.

[2]The statute in question is as follows:

**18A:39–1.  Transportation of pupils remote from schools**

Whenever in any district there are pupils residing remote from any schoolhouse, the board of education of the district may make rules and contracts for the transportation of such pupils to and from school, including the transportation of school pupils to and from school other than a public school, except such school as is operated for profit in whole or in part.

When any school district provides any transportation for public school pupils to and from school pursuant to this section, transportation shall be supplied to school pupils residing in such school district in going to and from any remote school other than a public school, not operated for profit in whole or in part, located within the State not more than 20 miles from the residence of the pupil; provided the per pupil cost of the lowest bid received does not exceed $325.00 and if such bid shall exceed said cost then the parent, guardian or other person having legal custody of the pupil shall be eligible to receive said amount toward the cost of his transportation to a qualified school other than a public school regardless of whether such transportation is along established public school routes.  It shall be the obligation of the parent, guardian or other person having legal custody of the pupil attending a remote school, other than a public school, not operating for profit in whole or in part, to register said pupil with the office of the secretary of the board of education at the time and in the manner specified by rules and regulations of the State board in order to be eligible for the transportation provided by this section.  If the registration of any such pupil is not completed by September 1 of the school year and if it is necessary for the board of education to enter into a contract establishing a new route in order to provide such transportation, then the

Judge Dreier, sitting in Chancery, determined that the matter fell "within the jurisdiction of the Commissioner of Education" and transferred it to the Department of Education. The matter was referred to the Office of Administrative Law where the filing of a stipulation by the parties obviated the need for a plenary hearing and the Administrative Law Judge made his determination, reflected in his Initial Decision, on the basis of that stipulation. In that Initial Decision he recognized that the limitation "within the State" found in the statute was the focus

board shall not be required to provide it, but in lieu thereof the parent, guardian or other person having legal custody of the pupil shall be eligible to receive $325.00 or an amount computed by multiplying $1/180$ times the number of school days remaining in the school year at the time of registration, times $325.00 whichever is the smaller amount. Whenever any regional school district provides any transportation for pupils attending schools other than public schools pursuant to this section, said regional district shall assume responsibility for the transportation of all such pupils, and the cost of such transportation for pupils below the grade level for which the regional district was organized, shall be prorated by the regional district among the constituent districts on a per pupil basis after approval of such costs by the county superintendent. This section shall not require school districts to provide any transportation to pupils attending a school other than a public school where the only transportation presently provided by said district is for school children transported pursuant to chapter 46 of this Title or for pupils transported to a vocational, technical or other public school offering a specialized program. Any transportation to a school, other than a public school, shall be pursuant to the same rules and regulations promulgated by the State board as governs transportation to any public school.

Nothing in this section shall be so construed as to prohibit a board of education from making contracts for the transportation of pupils to a school in an adjoining district when such pupils are transferred to the district by order of the county superintendent, or when any pupils shall attend school in a district other than that in which they shall reside by virtue of an agreement made by the respective boards of education.

Nothing herein contained shall limit or diminish in any way any of the provisions for transportation for children pursuant to chapter 46 of this Title.

176

of the issue.[3] Believing the Commissioner of Education to be without jurisdiction "to interpret the constitutionality of the exclusion," and believing *West Morris Reg. Bd. of Ed. v. Sills,* 58 *N.J.* 464 (1971), *cert.* den. 404 *U.S.* 986, 92 *S.Ct.* 450, 30 *L.Ed.*2d 370 (1971) to be distinguishable, while finding that the exclusion of the statute compelled the local board to do what it did, he entered judgment for the original defendants, respondents in the agency.

Notably, as observed by the Commissioner of Education in his consequent decision, the exceptions filed with the Commissioner by appellants did not challenge or address the merits. They did no more than "object to having had the entire matter processed through the Office of Administrative Law only to have jurisdiction declined at this late stage." The Commissioner adopted the findings and determination of the Initial Decision as his own.

The parties did not brief nor do we consider the issue of whether the agency is required to lend its assistance to a local board in the enforcement of a statute the constitutionality of which is reasonably suspect. It would appear that administrative agencies do lack jurisdiction to decide constitutional claims, *Paterson Redevelopment Agency v. Schulman,* 78 *N.J.* 378, 388 (1979), *cert.* den. *sub nom. Schulman v. Paterson Redevelopment Agency,* 444 *U.S.* 900, 100 *S.Ct.* 210, 62 *L.Ed.*2d 136 (1979), and the Commissioner of Education has uniformly held this to be so. We only mention this because we can understand and empathize with the frustration of a plaintiff in a declaratory judgment action designed to test the constitutionality of a statute who is relegated to a forum where that issue cannot be decided. It is of no particular moment here, because we do have that jurisdiction and are prepared to declare the statute constitutional even as limited.

---

[3]The distance of the home from the school in this case is such, or sufficiently "remote," that were this private school in the same district in New Jersey, transportation would have been provided. *N.J.A.C.* 6:21–1.3.

In their first point appellants argue unconstitutionality as a matter of violation of "the due process and equal protection provisions of the Constitutions of the State of New Jersey and the United States." We note at the outset that, except as due process considerations are inherent in the absence of equal protection, the due process facet is not argued in appellants' brief. Accordingly, we will not consider it here.[4]

With respect to the equal protection argument we observe that the Administrative Law Judge found that petitioners' (*i.e.*, appellants' and presumably respondents') reliance on *West Morris Regional* was misplaced. He was correct in this regard, because as he pointed out, the Supreme Court in *West Morris Regional* found no reason to consider the out-of-state private school problem, as a result of which that case is not judicial authority for a constitutional decision as far as the agency is concerned. Further, this makes apparent the fact that the *West Morris Regional* case is distinguishable. But we have no doubt that the principle enunciated in that opinion applies to the circumstances of the matter before us. *West Morris Regional* clearly holds that the equal protection clause does not require uniformity in all things (an accepted general proposition of law, provided the classification is reasonable), and that "[t]his basic

---

[4]Apropos of any consideration of the due process argument is our statement in *State v. Laganella,* 144 *N.J.Super.* 268 (App.Div.1976), app. dism. 74 *N.J.* 256 (1976):

> ... Due process in its constitutional sense is little more than a metonym for fair play. *State v. Haber,* 132 *N.J.L.* 507, 512 (Sup.Ct.1945). It connotes fundamental fairness. Due process is an element which, when missing, produces the reaction accorded to that which is "shocking to the universal sense of justice." *United States v. Russell,* 411 *U.S.* 423, 432, 93 *S.Ct.* 1637, 1643, 36 *L.Ed.*2d 366 (1973). But due process is no more than this. Our very proper reverence for this basic ingredient in the constitutional government of our nation and State must not be permitted to lead to such an indefinable expansion of the concept that its limitless bounds are in themselves unfair to a legitimate interest. [At 284.]

In passing, we see nothing unfair about a sovereign state determining not to subsidize, with the money of its taxpayers, private schools of another sovereign state over which there is no control.

principle applies to education." 58 *N.J.* at 477. The Supreme Court then concludes that a classification limited to districts passes muster. It said:

> The area within which the State may act to advance the public welfare is vast. The Legislature must have leeway in deciding whether to act, and if so, how far to go. It would disserve the public interest to say that the Legislature may take no step unless it goes the whole distance which constitutionally could be travelled. Especially is this true when the subject involves the expenditure of public moneys. The competing demands are such that modest objectives must be allowed even though more pervasive ones would be welcome. So long as the limited objective is not invidious in design or effect, a statute may not be invalidated merely because it would also be reasonable to do more. [58 *N.J.* at 480–481.]

We think this principle is applicable with even more force in the circumstances before us. Not much of an imagination is necessary to postulate conditions which make interstate regulation to the point of exclusion even more desirable than intrastate or interdistrict. We conclude that the limitation of *N.J. S.A.* 18A:39–1 to payment for transportation "within the State," found by the agency to be controlling upon the expenditure of the local board, does not offend the equal protection clause and is constitutional.

We have foregone discussion respecting whether the classification involved concerns a "suspect class" and which type of "scrutiny" is applicable because it appears eminently clear to us that the .classification "has been precisely tailored to serve a compelling governmental interest." *Plyler v. Doe,* 457 *U.S.* 202, 217, 102 *S.Ct.* 2382, 2395, 72 *L.Ed.*2d 786 (1982), reh'g den. 458 *U.S.* 1131, 103 *S.Ct.* 14, 73 *L.Ed.*2d 1401 (1982). Accordingly, we are confident the statute would survive even the "strict scrutiny" test.

Appellants also argue that the statute "violates the New Jersey constitutional mandate of a system of 'thorough and efficient' education; and violates the statutory laws of New Jersey which requires [*sic*] convenient access to schools" and "denies appellant her constitutionally protected right to travel

interstate." We are wholly satisfied that these issues are clearly without merit. *R.* 2:11–3(e)(1)(E).

Affirmed.