[Crim. No. 1430.   Second Appellate District, Division Two.—November 8, 1926.]

In the Matter of the Application of LOUIS E. FINK for a Writ of Habeas Corpus.

[1] CRIMINAL LAW — PROBATION — CONFINEMENT TO COUNTY FARM — ILLEGAL ORDER.—Where a defendant convicted of a felony is granted probation, a requirement in the order that he be placed and kept in the psychopathic ward of the county farm is illegal.

[2] ID.—ILLEGAL CONFINEMENT—HABEAS CORPUS.—Under section 1203 of the Penal Code, a person while on probation and conforming to the terms thereof shall be at large and not in confinement; and where the order granting probation requires that he be placed and kept in the psychopathic ward of the county farm, and he is restrained of his liberty pursuant to such illegal requirement, *habeas corpus* is a proper remedy.

(1) 16 C. J., p. 1289, n. 43 New.   (2) 16 C. J., p. 1289, n. 43 New; 29 C. J., p. 12, n. 51.

PROCEEDING on Habeas Corpus to secure the release of petitioner from the psychopathic ward of the county farm. Writ granted.

The facts are stated in the opinion of the court.

Light & Lane for Petitioner.

Asa Keyes, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

CRAIG, J.—The defendant was convicted of a felony. [1] The trial court granted probation and directed that the defendant be placed in the charge and under the supervision of the county probation officer, and requiring that he, the defendant, be placed and kept in the psychopathic ward of the county farm.

Under the law as stated in *People* v. *Mendosa*, 178 Cal. 509 [173 Pac. 998], we think the contention of the petitioner that the last requirement of the court's order was illegal is

1. See 8 Cal. Jur. 455.

correct.  [2]  Having announced its entire satisfaction with the statement of the law contained in the opinion written by the district court of appeal in that case, it must be assumed that the supreme court fully considered all of the language of that opinion, including the declaration that section 1203 of the Penal Code "clearly contemplates that the defendant while on probation and conforming to the terms thereof, shall be at large and not in confinement." In adopting this statement of the law contained in the opinion of the district court of appeal, the supreme court has left no room for doubt upon the matter, and there appears no reason for further judicial contribution upon the subject, although it is suggested by counsel for the respondent that the duty and authority of the judges of the superior court in such cases should be made plain. It is well where the views of the supreme court are thus clearly expressed to accept them without analysis or discussion, lest we create confusion where clarity exists.

*Habeas corpus* is a proper remedy where one is unlawfully restrained of his liberty. The defendant should be discharged from confinement at the county farm, and remain in the charge and under the supervision of the probation officer, subject to the lawful orders of the superior court. It is so ordered.

Works, P. J., and Thompson, J., concurred.