**THE STATE OF FLORIDA v. ALBERT GUERNY TAYLOR; THE STATE OF FLORIDA ex rel. James Parrish, v. D. C. COLEMAN, as Sheriff of Dade County, Florida.**

9 So. (2nd) 708         En Banc
August 4, 1942    Rehearing Denied October 12, 1942

J. Tom Watson, Attorney General, Millard B. Conklin, and Paul E. Raymond, Assistant Attorneys Gen-

eral, for plaintiff and Jack Kehoe, for Defendant Albert Guerny Taylor.

Mitchell D. Price as Amicus Curiae and for James Parrish, Relator, N. J. Durant, as Amicus Curiae.

THOMAS, J.:

Under Rule No. 38 the circuit judge has asked us to instruct him on the power of the circuit court to "place on probation" a person adjudged guilty of murder in the second degree.

In our opinion a court is without authority to "hear and determine the question of the probation" of a defendant who has been found guilty of murder in the second degree, a crime which under the statute (Section 7137, C.G.L., 1927—Florida Statutes, 1941, 782.04) shall be punished by "imprisonment in the State prison for life, or for any number of years not less than twenty years." This authority is given the courts of original jurisdiction "except for an offense punishable by death or life imprisonment . . ." Section 20, Chapter 20519, Laws of Florida, Acts of 1941 —Florida Statutes, 1941, 948.01, known as "Parole and Probation Act."

It is evident that the legislature used the words "except for an offense punishable by . . . life imprisonment" to designate a class of crimes over which the trial court could not exercise control under the latter act. The word "punishable" may be defined as "capable of being punished by law or right." Webster's New International Dictionary. It is our view that the power of the court is not to be determined by the penalty that might be meted out in individual cases but by the circumstances that the crime considered in the abstract could be punished by the

severer sentence of life imprisonment. Without the necessity of indulgence of any presumption by this court on behalf of the state or the defendant, it is our conviction that murder in the second degree, being punishable by imprisonment for life, is within the exception despite the possibility that the trial judge might find it just to inflict a sentence for a term of years. By imposing punishment of lesser degree than the maximum allowed in the statute denouncing the crime, he could not retain jurisdiction to entertain a petition for probation.

The part of the statute providing that a liberal construction should be applied by the court (Section 33, Chapter 20519, supra) is not sufficient, in our opinion, to justify a contrary interpretation because in applying a liberal construction a court is not required to give words a forced meaning nor authorized to extend the scope of plain unambiguous provisions of law. The language employed here is so definite that there is not need to invoke the latter provision in the Act.

Our instruction is that trial courts should not exercise any power under the Act where the person has been convicted of a crime that may be punished by life imprisonment even though a lesser term of incarceration is allowable.

BROWN, C. J., BUFORD, and CHAPMAN, JJ., concur.

WHITFIELD, TERRELL and ADAMS, JJ., dissent.

TERRELL, J., dissenting:

Albert Guerney Taylor was adjudged guilty of murder in the second degree on a plea of guilty to an indictment charging that offense. James Parrish was also

adjudged guilty of murder in the second degree and after notice to the Parole Commission a hearing was held and he was placed on probation by the trial court. He was forthwith arrested and incarcerated by the sheriff of Dade County. Writ of habeas corpus was sued out but no further step was taken in either cause.

Both causes come here by certificate under Rule 38 of the Rules of this Court, the question certified being whether or not a trial court has the power to place on probation one adjudged guilty of murder in the second degree.

The applicable statute is Section Twenty, Chapter 20519, Acts of 1941, and is as follows:

"The courts of the State of Florida having original jurisdiction of criminal actions, where the defendant in a criminal case has been found guilty upon verdict or plea, except for an offense punishable by death or life imprisonment, may, at a time to be determined by the court, hear and determine the question of the probation of such defendant."

This is a typical case to invoke the provisions of Rule 38. The constitutional validity of the act, the regularity of the indictment or the trial and the original jurisdiction of the court are not drawn in question. A decision of the question certified will terminate the cause. Murder in the second degree is defined and punished by Section 7137, Compiled General Laws of 1927, the punishment imposed being "imprisonment in the state prison for life, or for any number of years not less than twenty years," the length of imprisonment within these bounds being of course measured by the discretion of the trial court.

Chapter 20519, Acts of 1941 (State Parole and Probation Act) is similar in purport to the Federal Probation Act which has been liberally construed in the interest of those who have not become hardened criminals but who are still possible of restoration to an honorable state in society by humane treatment and skillful handling on the part of those clothed with that responsibility. It vests in the trial judge power to give the first offender another chance provided it is shown that there is a fair possibility of reclamation. United States v. Murray, 275 U.S. 347, 48 Sup. Ct. 146, 72 L. Ed. 309; Rosenwinkel v. Hall, 61 Fed. (2nd) 724; Riggs v. United States, 14 Fed. (2nd) 5.

We think a like interpretation should control the State Parole and Probation Act. Construed in that light it is our view that Section 20 here quoted did nothing more than enlarge the power and discretion of the trial judge in criminal cases. In other words if a second degree murder judgment warrants the maximum punishment of life imprisonment there would be no basis for probation under that part of the Act quoted but if the judgment warranted less than life imprisonment then the discretion of the trial judge is enlarged to consider the question of placing the defendant on probation.

This interpretation is in keeping with the humane and benevolent purpose of the Act and accords the trial judge a discretion that will enable him to effectuate its purpose. It also squares with the interpretation of similar acts throughout the country and is in harmony with the prevailing thought with reference to their enforcement. The question of probation should not be considered unless the subject is one clearly within the purpose and spirit of the Parole

and Probation Act. It will not be permitted as a subterfuge to mitigate the punishment of those not within its protection. A wise and uniform practice would be for the trial judge to recommend probation to the Parole Commission when he thinks it advisable.

Our answer to the question certified is that if the judgment for punishment of second degree murder is less than life imprisonment and the defendant is one contemplated by the Parole and Probation Act, the trial judge may in his discretion place him on probation.

WHITFIELD and ADAMS, JJ., concur.