WILLIAM ANTHONY FRABIZZIO, D. B., v. THE STATE OF DELAWARE, P. B.

(*May* 28, 1948.)

CAREY, J., sitting.

*Newton White* for defendant below.

*Joseph H. Flanzer*, Deputy Attorney-General, for the State.

Superior Court for New Castle County, No. 216, Civil Action 1948.

Certiorari to the Court of Common Pleas for New Castle County.

CAREY, Judge.

No question has been raised concerning the validity of the so-called fine of ninety-five dollars, although the minimum fine required by the policy writing statute is One hundred dollars. At the argument, the defendant treated it as a valid fine and the State argued that it was not a fine or sentence at all, as will hereafter be seen. I shall therefore limit myself to the consideration of the only question argued, viz., whether that portion of the order which imposed probation is valid in view of the other portion which directed the payment of a sum of money by the defendant.

The statute under which the Court below is empowered to grant probation to a criminal offender (4319, Sec. 4, Revised Code 1935) clearly contemplates probation in lieu of, and not in addition to, sentence. For example, it provides that, under certain conditions, the Court may direct his release "on his entering into a recognizance * * * to appear and receive sentence when called upon". Furthermore, it permits the Court, at any time within the period of the recognizance, upon violation of the conditions of probation, to "issue process for his apprehension and * * * impose sentence upon him". Finally, it directs that the plea or verdict of guilty shall be stricken from the record, if he complies with all the terms and conditions of the probation. In brief, if the Court imposes sentence, it cannot grant probation; if it grants probation, it cannot impose sentence unless and until there occurs a violation of the terms and conditions of probation; sentence and probation cannot validly be coupled together in one order. See *Commonwealth v. Smith*, 130 *Pa. Super*. 536, 198 A. 812; *Archer v. Snook*, (D.C.) 10F. 2d 567.

Conceding the accuracy of the foregoing statements, the State nevertheless contends that the order in this case is valid in all respects for two reasons. First, it maintains that

the word "sentence" as used in the probation statute means imprisonment only and does not include fine; wherefore it concludes that the Court may impose both fine and probation. Secondly, it avers that the payment of money required by the Court in this case was actually not a fine nor intended so to be, but was merely one of the terms or conditions of probation.

A "sentence" is the judgment formally pronounced by the Court upon the defendant after conviction in a criminal case, awarding the punishment to be inflicted. Black Law Dict. (3d.Ed.) 1602. A fine is a judgment of the Court. *Dasey v. State*, 5 *Penn.* 457, 62 *A.* 300; and payment thereof satisfies the judgment, *State v. Seitz*, 1 *Terry* 572, 14 *A.* 2d 710. A fine is just as much a sentence as is a term of imprisonment; in fact, it is the only sentence which can be legally imposed for the present offense. Accordingly, if the amount paid by the defendant herein was actually a fine, it constituted a final judgment which exhausted the power of the Court in the matter, and the addition of probation was void. *State v. Clifford*, 84 *N.J.L.* 595, 87 *A.* 97; *Commonwealth v. Ciccone*, 84 Pa. Super. 224.

The State's second contention could be answered very summarily. This Court, upon certiorari, is bound by the record before it. 1 Woolley on Del.Prac. 625. The record before me in this case expressly shows that the defendant was required to pay a fine. But even if the record had described it by another name, its real identity would be unchanged. In criminal law, a fine is a pecuniary punishment imposed by a lawful tribunal upon a person convicted of a crime or misdemeanor. *Vitelli v. Wilmington*, 9 *W.W.Harr.* 336, 344, 199 A. 283. The payment required of this defendant fits that definition exactly, and the fact that the amount was less than the statutory minimum is of no moment in determining its true nature. The pecuniary penalty exacted

of this defendant and paid by him was a fine which constituted the judgment of the Court. That part of the order which purported to impose probation was, and is, therefore meaningless.

Reversal is not required, as the two parts of the order are separable. *Mullin v. State,* 8 *W.W.Harr.* 533, 194 A. 578. The case will be remanded with a direction to strike the order of probation.