## FISHER v. COMMONWEALTH.

Court of Appeals of Kentucky.

Nov. 16, 1951.

Ray M. Prall and Richard J. Getty, Lexington, for appellant.

A. E. Funk, Atty. Gen., W. Owen Keller, Asst. Atty. Gen., for appellee.

STEWART, Justice.

George Fisher came to Lexington from Knoxville, Tennessee, on July 19, 1951, and went directly to the United States Public Health Service Hospital just outside Lexington where he signed a paper admitting he was a drug addict and there asked to be hospitalized for treatment as such. Next day he was taken by the narcotic agent of the United States at Lexington before R. L. Jackson, a justice of the peace of Fayette County, and in the presence of the magistrate he stated he was a drug addict. Whereupon this officer issued a warrant of arrest for Fisher, tried him forthwith and found him guilty of habitually using narcotic drugs. The warrant shows it was made on the oath of and was served by R. O. Taylor, a county patrolman. Fisher was sentenced by the justice of the peace to the Fayette County jail for twelve months but instead of his being committed to jail he was probated to the Hospital until he should be discharged therefrom as no longer a drug addict in the opinion of the Hospital's medical officers. A justice of the peace may, acting pursuant to KRS 218.-250(2), probate the sentence of a drug addict in the manner just described. On July 27, 1951, Fisher was preparing to leave the Hospital without the consent of the medical officers when he was taken before the aforesaid justice of the peace who revoked his probation and committed him to jail to serve the remainder of the twelve months sentence.

On October 16, 1951, Fisher filed his petition for a writ of habeas corpus seeking to be released from imprisonment. At a hearing on October 19, 1951, before the Honorable Joseph J. Bradley, Judge of Fayette Circuit Court, it was adjudged that Fisher was in the lawful custody of the Fayette County jailer by reason of the judgment rendered before the justice of the peace. He appeals.

Fisher contends that the warrant under which he was arrested is invalid because it was issued by the justice of the peace on an affidavit that did not set forth reasonable grounds for believing that the accused had committed an offense.

Fisher was charged with the violation of KRS 218.250, known as the Uniform Narcotic Drug Act, which reads, so far as we need consider here, as follows:

"(1) Any person who habitually uses narcotic drugs, as defined in KRS 218.010, shall be imprisoned in the workhouse or county jail for not more than twelve months.

＊　　＊　　＊　　＊　　＊　　＊

"(3) Any peace officer who apprehends a person under the influence of a narcotic drug, or who hears a person state that he is addicted to the use of narcotics, shall

immediately arrest such person and take him before the proper court to be dealt with according to law."

■ Fisher had signed a statement at the Hospital admitting he was a drug addict. Moreover, when the justice of the peace who issued the warrant heard Fisher state that he habitually used narcotics, it became the duty of this officer to cause Fisher to be immediately arrested, because Fisher then and there became a violator of the Narcotic Drug Act and thereby committed an offense in the presence of the magistrate.

Section 38 of the Criminal Code of Practice provides: "A magistrate or any judge may orally order a peace officer or private person to arrest any one committing a public offense in the magistrate's or judge's presence, which order shall authorize the arrest."

Section 31 of the Criminal Code of Practice reads thus: "A magistrate shall issue a warrant for the arrest of a person charged with the commission of a public offense, when, from his personal knowledge, or from information given to him on oath, he shall be satisfied that there are reasonable grounds for believing the charge."

■ We do not have before us the affidavit about which complaint is made. As a matter of fact no affidavit was required here, because, as we have shown, the magistrate issued the warrant from information given to him on oath by R. O. Taylor. In Clark v. Hampton, Police Judge, 163 Ky. 698, 174 S.W. 490, 491, this Court, speaking as regards an affidavit, said: "Neither section 10 of the Constitution nor section 31 of the Criminal Code requires the filing of an affidavit. The requirement is that the magistrate shall have received on oath (or affirmation) such information as shall be sufficient to constitute reasonable grounds for believing that the person charged has committed the offense for which the warrant is issued."

■ Many alleged errors are pointed out that occurred at the trial which resulted in Fisher's conviction. Habeas corpus is not a corrective remedy, and in this connection 25 Am.Jur., Sec. 14, p. 152, states that "it is well settled that such writ (habeas corpus) will not be permitted to perform the functions of a writ of error or appeal for the purpose of reviewing mere errors or irregularities in the proceedings of a court having jurisdiction over the person and subject matter."

■ It is not disputed that the warrant is valid on its face; and it follows that it cannot be challenged for the reason that the affidavit did not set forth reasonable grounds for believing that Fisher had committed an offense—and this fact has not been established—for actually no affidavit was required in the case at bar as a basis for the issuance of the warrant. Aside fom that, Fisher's arrest was proper and the warrant was justified when he committed the offense we have already mentioned in the presence of the justice of the peace.

Wherefore, the judgment is affirmed.