■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANNETTE RAGUSA, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 27, 1963 convicting her, upon her plea of guilty, of forgery in the third degree, and sentencing her to an indeterminate term of imprisonment in the New York City Penitentiary "there to be dealt with according to law." On April 26, 1963, pursuant to an order of the court, defendant was released on bail upon a certificate of reasonable doubt. Judgment modified on the facts and in the exercise of discretion by striking out the provision sentencing the defendant to an indeterminate term in the City Penitentiary; and by substituting therefor: (1) a provision suspending the sentence and (2) a provision placing defendant on probation until February 27, 1967, on the condition, however, that the defendant shall file and serve her written consent to undergo such psychiatric and related treatment as the Probation Department from time to time may specify. Such consent shall be filed within 20 days after entry of the order hereon. If such consent is not filed and served within the time specified the judgment is affirmed. Under all the circumstances disclosed by this record, it is our opinion that defendant should be placed on probation for the period specified, on the condition that she submit to psychiatric therapy. Her incarceration now, without any sustained effort to effect her rehabilitation, would not be in the interests of justice. Kleinfeld, Brennan and Hopkins, JJ., concur; Beldock, P. J., and Christ, J., dissent and vote to affirm.

■ WALTER RANFTLE, Respondent, v. CITY ATHLETIC CLUB, Appellant. — In an action to recover damages for personal injury sustained in a fall upon a stairway, the defendant appeals from a judgment of the Supreme Court, Queens County, entered March 11, 1963 after trial upon a jury's verdict in the plaintiff's favor. Judgment affirmed, with costs. Plaintiff, a deliveryman, was injured while descending a dark, exterior stairway leading from the sidewalk to the basement in a building owned by the defendant. The evidence, both oral and photographic, discloses that the third and fourth steps below the level of the sidewalk were "radial" in design; that they were of extremely shallow width at the left-hand side of the stairwell; and that they fanned out into an arc of broader dimensions on the right-hand side of the stairwell. At the time of the accident the stairway was neither illuminated nor equipped with a handrail to guide a person using such stairway. In our opinion, the record discloses evidence from which a jury could reasonably conclude that the stairway, as constructed and maintained, constituted a condition of unsusual hazard or peculiar danger so as to impose upon the defendant the duty of taking proper precautions to prevent an accident (cf. *Wayman* v. *Fulder,* 282 N. Y. 730; *Galligan* v. *Druidan Real Estate Co.,* 266 N. Y. 445; *Gilcher* v. *McNulty Bros. Realty Co.,* 269 App. Div. 844, affd. 295 N. Y. 743). A jury question was, therefore, presented as to whether the defendant violated the common-law duty which it owed to the plaintiff as a business invitee. We are also of the opinion that the issue of plaintiff's freedom from contributory negligence was properly submitted to the jury as a question of fact (*Kallus* v. *Wallach,* 19 A D 2d 842). With respect to the claimed errors in the charge: In the absence of an exception or request, the Trial Justice's failure to make the charge more explicit cannot be regarded as reversible error (*Brown* v. *Du Frey,* 1 N Y 2d 190; *Harrington* v. *Kedem Realty Corp.,* 13 A D 2d 1027; cf. CPLR 4017, 5501, subd. [a], par. 3). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.