392 P.2d 552

**Edward Reid FRANKLIN, Petitioner-Appellant,**

**v.**

**The STATE of Idaho, Defendant-Respondent.**

**No. 9268.**

Supreme Court of Idaho.

May 26, 1964.

Jones & Jones, Boise, for appellant.

Allan G. Shepard, Atty. Gen., R. La Var
Marsh, Asst. Atty. Gen., Boise, for re-
spondent.

SMITH, Justice.

This appeal raises the issues whether a district court in withholding sentence on a felony charge, pursuant to I.C. § 19–2601, commuted the sentence to a period of jail servitude ordered as a condition of probation; and whether the court had jurisdiction, under I.C. § 19–2601, to incarcerate the accused in the county jail as a special condition of the probation order.

Appellant having been accused of committing a felony by an information filed in the Ninth Judicial District Court, was arraigned before the Hon. Faber F. Tway, Judge of the court, January 10, 1961, and, represented by counsel, he pleaded guilty to the charge. His counsel requested that sentence be withheld and a pre-sentence investigation be had, which requests the court granted. February 7, 1961, at the time of pronouncement of sentence, appellant through his counsel again requested that judgment and sentence be withheld and probation granted. The court then ordered (per minute entry):

"that judgment be withheld for a period of two (2) years and that the defendant [appellant] be placed on probation to the Idaho State Board of Correction after serving sixty (60) days in the Bonneville County Jail."

The district judge on the same date entered an "Order Withholding Judgment and Order of Probation"; the material parts thereof read:

"AND WHEREAS, the said District Court, having ascertained the desirability of granting the petition of probation, does hereby order and decree that the said *EDWARD R. FRANKLIN* be placed on probation, and sentence is hereby withheld for a period of *two* years under the following conditions, to-wit:

"1. That this probation is granted to and accepted by the probationer, subject to all its terms and conditions and with the understanding that the court may at any time, in case of the violation of the terms of the probation, cause the probationer to be returned to the court for the imposition of sentence as prescribed by the law or any other punishment as the court may see fit to hand down.

"2. That the probationer shall be under the legal custody and control of the Director of Probation and Parole of the State of Idaho and the District Court and subject to the rules of probation as prescribed by the Board of Correction and the District Court.

"3. Special conditions, to-wit:

"1. That the defendant [appellant] shall serve sixty days in the Bonneville County jail.

"2. That the defendant [appellant] shall make restitution to C. C. Anderson's Stores, Inc., in the amount of $929.90. * * *."

A minute entry of March 31, 1961, shows that appellant appeared personally with his counsel at chambers, and that the court allowed appellant five days "good time release from jail", and ordered his release on April 2, 1961, and

"further ordered that all other terms on the Order of Probation shall remain in full force and effect.

"Mr. Naylor [counsel for appellant at such time] was instructed to prepare the order, and contact the probation officer that the defendant [appellant] may fully understand the terms of his probation."

An "Agreement of Probation" was then entered into between appellant and the Board of Correction of the State of Idaho, acting through a district agent, appellant and the agent signing the agreement, and appellant was placed under supervision April 5, 1961.

November 15, 1961, the Board of Correction having advised the court that appellant had left the state of Idaho contrary to the terms of the Order of Probation, the court entered an order revoking appellant's probation, and issued a bench warrant for his apprehension and arrest.

March 15, 1962, the district agent of the Board of Correction filed his report alleging certain violations by appellant of the terms of his probation.

March 29, 1962, appellant was returned to the court on account of the alleged probation violations, bail was fixed, and April 3, 1962, was set as the time for hearing the alleged violations. The court advised appellant of his right to counsel; "defendant [appellant] answered that he did not wish to secure counsel, but requested that he be permitted to make one telephone call," which request the court granted.

April 3, 1962, at the time of the hearing, appellant again "waived right to counsel and stated he desired to represent himself." Appellant "testified in his own behalf and acknowledged he was guilty of all of the probation violations filed against him." Testimony was also taken on behalf of the State.

The hearing having been concluded, the court inquired whether appellant, or any other person, had any legal cause to show why judgment should not be pronounced, to which appellant replied that he had none; whereupon the court adjudged appellant guilty of a felony and sentenced him to a

term of not to exceed five years in the Idaho State Penitentiary, followed by entry of judgment and commitment.

Appellant subsequently filed in the Third Judicial District Court a petition for a writ of habeas corpus; the writ was issued August 31, 1962, and a hearing was had, appellant being represented by counsel. Thereafter, on September 28, 1962, Hon. Hamer H. Budge, a judge of that court, entered an order discharging the writ and remanding appellant to custody.

Appellant, on October 25, 1962, appealed from that order. Thereafter, on October 31, 1962, pursuant to directive of this Court that, pending determination of the appeal, appellant be admitted to bail upon posting bond in a sum fixed, and he having done so, the district court entered an order releasing him from custody, pending such determination.

■ Appellant by assignment of error questions the validity of the probation agreement, asserting that he "did not sign the probation agreement, nor the amended order on the probation agreement, nor the amended order of probation." At the time the court withheld sentence on February 7, 1961, as requested by his counsel, the record indicates that appellant was familiar with the requirements of his probation imposed by that court. Such assignment is without merit. The conditions of probation were imposed by the order and not by the agreement. Ex parte Medley, 73 Idaho 474, 253 P.2d 794 (1953).

Appellant by assignment of error contends that he did not intelligently and understandingly waive his right to counsel at the hearing and proceedings had April 3, 1962, before the Ninth Judicial District Court upon revocation of probation.

■ Hon. Hamer H. Budge, the district judge before whom the proceeding at bar was had, correctly disposed of such contention in language which we adopt, as follows:

"Counsel * * * raises the further claim that the hearing revoking probation was contrary to law in that the petitioner was not represented by counsel, that he was of such a confused mental state that he did not know the nature of the proceedings, that no inquiry was made into whether or not the defendant violated his probation, and that no sworn affidavit was received so stating.

"The case of Ex parte Medley, 73 Idaho 474, 253 Pac. (2d) 794, disposes of the latter two.

"'Petitioner's contention that he is entitled to a formal hearing in accordance with well recognized and established rules of procedure because he has a vested, substantial right in the probation, is not sus-

tained by the prevailing weight of authority and without merit. The authority to revoke the probation does not even depend upon his violation of any of the terms or conditions of the order; the court may, upon proof, "for any other cause satisfactory to the court", issue a bench warrant for the rearrest of the defendant, Sec. 19–2602, I.C., and, when brought before the court where judgment has been withheld, pronounce such judgment as it could have originally pronounced, Sec. 19–2603, I.C.; furthermore, such powers may be exercised at chambers. Sec. 19–2605, I.C.'

" 'To violate the terms and conditions of probation does not necessarily constitute a crime in itself nor is it so treated; it is a breach of the obligation of probation; the probationer cannot demand nor is he entitled to a formal hearing as in a judicial proceeding but such hearing may be informal and summary in jurisdictions where probation is not a right but a matter of grace or favor unless specifically otherwise provided by statute.' Ex parte Medley, supra. [Citations.] [73 Idaho at 482, 253 P.2d 794.]

"In a proceeding to revoke probation, a defendant has no absolute right to counsel and has been deprived of no constitutional right if brought before the court for that purpose without being furnished counsel. Gillespie v. Hunter, CCA, (Kan.), 159 Fed. (2d) 410; Bennett v. United States, CCA, (Mo.), 158 Fed. (2d) 412; cert. denied, 67 S.Ct. 1302, 331 U.S. 822, 91 L.Ed. 1838; United States v. Huggins, CCA, (Ind.), 184 Fed. (2d) 866; Anno., 29 A.L.R. (2d) 1097, 1110."

See also Ex parte Levi, 39 Cal.2d 41, 244 P.2d 403 (1952).

Appellant, by assignment of error, further contends that the Ninth Judicial District Court, on February 7, 1961, commuted his sentence to a jail sentence of sixty days. While technically it may not be necessary to pass upon this issue, nevertheless we do so in view of our disposition of this appeal and the admonition of I.C. § 1–205.

■ Probation is not a matter of right; it may be granted the defendant through exercise of sound discretion by the trial court within the ambit of authority conferred by the legislature. The language of I.C. § 19–2601 has been so interpreted by this Court in Ex parte Medley, supra, and State v. O'Dell, 71 Idaho 64, 225 P.2d 1020 (1950). See also Spanton v. Clapp, 78 Idaho 234, 299 P.2d 1103 (1956); State v. Evans, 73 Idaho 50, 245 P.2d 788 (1952); Storseth v. State, 72 Idaho 49, 236 P.2d 1004 (1951); People v. Cortez, 199 Cal.App.

2d 839, 19 Cal.Rptr. 50 (1962); Bryson v. United States, 265 F.2d 9 (9th Cir. 1959), cert. denied, 360 U.S. 919, 79 S.Ct. 1437, 3 L.Ed.2d 1535 (1959); 24 C.J.S. Criminal Law § 1571(2) (1961); 15 Am.Jur., Criminal Law, § 498 (1938); Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204 (1937).

A defendant may decline probation when he deems its conditions too onerous, and demand instead that he be sentenced by the court. Application of Oxidean, 195 Cal.App.2d 814, 16 Cal.Rptr. 193 (1961); People v. Alexander, 182 Cal.App.2d 281, 6 Cal.Rptr. 153 (1960); People v. Caruso, 174 Cal.App.2d 624, 345 P.2d 282 (1959); In re Osslo, 51 Cal.2d 371, 334 P.2d 1 (1958); Birnbaum v. United States, 107 F.2d 885, (4th Cir. 1939), 126 A.L.R. 1207; 24 C.J.S. Criminal Law, supra.

An order withholding sentence and placing a defendant on probation is not a final judgment since sentencing is deferred and is distinguishable from a judgment imposing sentence, which is a final judgment though its execution is suspended. State v. Ellsworth, (Mont.), 387 P.2d 442 (1963); Birnbaum v. United States, supra; Berman v. United States, supra; Annot., 126 A.L.R. 1210 (1940). As stated in Ex parte Medley, supra, the "court has power in the exercise of its discretion to withhold judgment for a reasonable time for any purpose and, where

this is done, jurisdiction is retained during the period of probation." 73 Idaho at 483, 253 P.2d at 800.

The record shows that appellant was not sentenced February 7, 1961, at the time the Ninth Judicial District Court placed him on probation pursuant to the "Order Withholding Judgment and Order of Probation." On the contrary, the record is replete with testimony showing that judgment and sentence was withheld; and not until April 3, 1962, was he sentenced for the first time following revocation of his probation.

The procedure for withholding sentence and placing a defendant on probation is expressly provided for by I.C. § 19–2601; see Ex parte Medley, supra, and State v. O'Dell, supra. Again, we adopt the reasoning of Judge Budge of the Third Judicial District Court, as contained in his statement: "even though we were to concede that the confinement in the county jail was a sentence, it still would have been the only sentence pronounced and consequently could not be both a sentence and a commutation of that sentence."

Lastly, by assignments of error appellant contends that the Ninth Judicial District Court, in requiring him to serve 60 days in the county jail as a condition of probation, acted in excess of its jurisdiction and

in violation of the Constitution, in that the court assumed powers not granted by I.C. § 19–2601; and that appellant delivered himself to the sheriff in Bonneville County only under the duress of the required jail servitude.

In many jurisdictions the power of a trial court to suspend or withhold the passing of sentence after a plea or verdict of guilty is expressly conferred by statute. Ex parte Medley, supra; State v. O'Dell, supra; Affronti v. United States, 350 U.S. 79, 76 S.Ct. 171, 100 L.Ed. 62 (1955); People v. Brown, 111 Cal.App.2d 406, 244 P.2d 702 (1952); 24 C.J.S. Criminal Law § 1571(1) (1961).

Under such statutes, trial courts, in exercising the power to suspend or withhold sentence, must do so according to the precise statutory language. The legislative policy upon which such statutes are grounded, is stated in Ex parte Medley, supra:

> "To withhold judgment after a plea of guilty protects the defendant at that time against the stigma of a conviction which may be forever avoided should the defendant conform to its terms and conditions. This creates, and rightfully so, a hope in the heart of the accused that he may ultimately be released under an order of probation without the stigma of a judgment of conviction. This is an incentive for complete rehabilitation and reform, one of the salutary objectives of the Act.

> \*    \*    \*    \*    \*    \*

> "In Idaho, as well as in a majority of the states and also the federal courts, upon a plea of guilty, the defendant may be then adjudged guilty and immediately sentenced. Under such statutes, it is only the clemency and mercy of the law which gives him probation, not as a matter of right but as grace or favor. [Citations]." 73 Idaho at 479 and 482, 253 P.2d at 797 and 799.

See also I.C. § 19–2604.

Since, in withholding sentence and placing a defendant on probation, a trial court's power is limited and circumscribed by the statute, it follows that without the requisite statutory authority, a trial court cannot impose upon the defendant, as a special condition of probation, a requirement of servitude in the county jail, People v. Robinson, 253 Mich. 507, 235 N.W. 236 (1931); or that he be remanded to the custody of the sheriff, People v. Mendosa, 178 Cal. 509, 173 P. 998 (1918); or that he be sent to a psychopathic ward, Ex parte Fink, 79 Cal. App. 659, 250 P. 714 (1926); or the imposition of sentence in form of a fine, Frabizzio v. State, 5 Terry 395, 44 Del. 395, 59 A.2d 452 (1948); see also 24 C.J.S. Criminal Law § 1571(8) (1961); 29 Cal.Jur.2d, Judgments, § 357 (1956). By its very

definition in the law, probation signifies liberty, under imposed conditions. The basic purpose of probation has been stated, "to provide an individualized program offering * * * [an] unhardened offender an opportunity to rehabilitate himself without institutional confinement under the tutelage of a probation official and under the continuing power of the court to impose institutional punishment for his original offense in the event that he abuse this opportunity." Roberts v. United States, 320 U.S. 264, 272, 64 S.Ct. 113, 117, 88 L.Ed. 41, 46 (1943); Yates v. United States, 308 F.2d 737 (10th Cir. 1962).

I.C. § 19–2601 was amended in 1957; the portions pertinent herein read:

"Whenever any person shall have been convicted, or enter a plea of guilty, in any district court of the state of Idaho, of or to any crime against the laws of the State, except those of treason or murder, the court in its discretion, may:

"1. Commute the sentence and confine the defendant in the county jail, * * *

"2. Suspend the execution of the judgment at the time of judgment or at any time during the term of a sentence in the county jail and place the defendant on probation under such terms and conditions as it deems necessary and expedient, or

"3. Withhold judgment on such terms and for such time as it may prescribe and may place the defendant on probation.

"Provided, however, that if the crime involved is a felony and if judgment is withheld as provided in 3. above or if judgment and a sentence of imprisonment to the penitentiary is suspended at the time of judgment in accordance with 2. above and the court shall place the defendant upon probation, it may be to the board of corrections or to some proper person selected and designated by the court, under such terms and conditions as the court deems necessary and expedient; * * *."

The quoted language of such section of the statute shows that, while the trial court has broad discretion in prescribing the conditions of probation, it is not given the necessary authority to incarcerate a defendant in the county jail as a special condition of probation.

The legislatures of the several states have the exclusive and inherent power to define, prohibit and punish any act as a crime within the limits of the federal and respective state constitutions. Rochin v. California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952); State v. Pigge, 79 Idaho 529, 322 P.2d 703 (1957); Lambert v. State, 374 P.2d 783 (Okl.Cr.1962); Peo-

ple v. Johnson, 129 Cal.App.2d 1, 277 P. 2d 45 (1954); State v. Thompson, 57 N.M. 459, 260 P.2d 370 (1953); 22 C.J.S. Criminal Law § 13 (1961). The judiciary cannot look into the propriety of a penal statute other than to ascertain whether the legislature had the power to enact it. 22 C.J.S. Criminal Law, supra.

Respondent contends that under the law of this state a district judge may, in his discretion, require jail servitude as a condition of probation, citing State v. Bassett, 86 Idaho 277, 385 P.2d 246 (1963). The issue urged by appellant in the case at bar, i. e., whether the court had jurisdiction to impose such a condition of probation, was not raised in the Bassett case. The issue in that case was whether a provision, requiring the defendant to serve 60 days in the county jail at any time during a two-year term of probation, was void for indefiniteness; and this Court held that it was not.

Respondent cites two California cases which stand for the proposition that an order of probation which includes a period of detention in the county jail is valid, and that such an order is not to be deemed a judgment and sentence. Those cases, Ex parte Hays, 120 Cal.App.2d 308, 260 P.2d 1030 (1953), and Ex parte Goetz, 46 Cal.App.2d 848, 117 P.2d 47 (1941), interpret the California probation statute, (West) Cal.Penal Code, § 1203.1 (1951),

which provides that the "court * * * in the order granting probation and as a condition thereof may imprison the defendant in the county jail for a period not exceeding the maximum time fixed by law in the instant case"; and again, "may in connection with granting probation, impose either imprisonment in county jail, or fine, or both, or neither." The California statute expressly empowers the trial court to incarcerate a defendant in the county jail as a condition of probation. Such statute and interpretative case law cannot be used as authority in advocating a similar interpretation of the Idaho statute which contains no such provision.

Respondent does not cite any decision which, in the absence of express statutory authority, holds that the trial court may withhold pronouncement of sentence upon the defendant and then incarcerate him in the county jail as a condition of probation. We have found but one decision so holding, Tabor v. Maxwell, 175 Ohio St. 373, 194 N.E.2d 856 (1963). Therein was interpreted a provision of Ohio Rev. Code, § 2951.02, reading:

A "judge or magistrate may suspend the imposition of the sentence and place the defendant on probation upon such terms as such judge or magistrate determines."

The Ohio Supreme Court observed that the section endows the trial court with

broad general powers in relation to conditions which may be imposed upon one placed on probation. It then cited United States ex rel. Spellman v. Murphy, 217 F.2d 247 (7th Cir. 1954), as authority for the holding that the Court may condition probation in a felony case upon the accused serving a jail sentence.

In that cited federal case, after the court had sentenced the relator-defendant to five years imprisonment, the "Court then suspended the execution of the prison sentence and placed relator on probation." The imposition of sentence was not suspended. The sentence was imposed and its execution was suspended. A condition of the defendant's probation required that once a week for 24 hours he surrender himself to the custody of the United States Marshal.

An examination of the Ohio decision indicates a premise that the accused accepted jail servitude as a condition of probation for which reason the Ohio court held that he could not complain thereof in a later habeas corpus proceeding. It must be pointed out however that probation is founded upon court order, and not upon acceptance.

The annotation, 147 A.L.R. 656 (1943), indicates that the unanimous rule is to the contrary except in South Carolina where its Supreme Court, in interpreting the probation statute of that state, has held

that *following* sentence, a portion of it can be suspended if the defendant successfully complies with certain conditions required by the trial judge. See State v. Germany, 216 S.C. 182, 57 S.E.2d 165 (1949); Moore v. Patterson, 203 S.C. 90, 26 S.E.2d 319, 147 A.L.R. 653 (1943); State v. Teal; 108 S.C. 455, 95 S.E. 69 (1918). Legislation enacted by the federal government and by the states of Michigan, Delaware and New York, to which we hereinafter direct attention, further supports the conclusion we have reached.

Since 1925, the federal courts have had the statutory power to suspend the imposition or execution of a sentence for crime, and to place a defendant on probation. The power may be exercised when the court is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby. Affronti v. United States, supra; see also Annot., 100 L.Ed. at 68 (1955). The federal statute, 18 U.S.C.A. § 3651 did not provide for incarceration as a special condition of probation until it was amended in 1958 (Pub.Law 85–741, 72 Stat. 834) to read:

"Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months,

any court having jurisdiction to try offenses against the United States, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best."

The "judgment of conviction" is construed to contemplate a judgment entered either on plea of guilty or entered on verdict after trial on plea of not guilty. United States v. Wiley, 267 F.2d 453 (7th Cir. 1959).

Senate Report No. 2135 (Aug. 4, 1958), reprinted in 2 U.S. Code, Cong. and Adm. News, p. 3841 (1958), demonstrates that without such amendment, the federal courts were powerless to imprison a defendant "in a jail-type institution or treatment institution" on a one count indictment. Congress favorably regarded that senate report, as well as House Report No. 1658 (April 28, 1958), dealing with the same subject matter, and enacted the amendment August 23, 1958.

In People v. Robinson, supra, a defendant, convicted of negligent homicide, sought probation. At that time Michigan's Criminal Code, Pub.Act 175, c. 11, § 3 (1927), did not specifically provide for jail servitude as a condition of probation, but contained the provision (similar to I.C. § 19–2601, sub-par. 3) that "[t]he court may impose such other lawful conditions of probation as the circumstances of the case may require or warrant, or as in its judgment may be meet and proper." The trial court upon granting probation ordered, as a condition of probation, "that the respondent shall * * * serve sixty days in the county jail." On appeal, the Supreme Court of Michigan, in holding that the trial court had erred in requiring jail servitude as a condition of probation, said:

"the court was wrong in requiring the defendant to serve sixty days in jail as a condition of probation. Probation is a substitute for imprisonment. It is a conditional suspension of sentence. It is applied on the theory that, if allowed to retain his liberty and be at large among the people under certain regulations and supervision, the convicted person will not engage in a criminal course of conduct. The court entered an order placing the defendant on probation. Imprisonment cannot be imposed until the probation is revoked or terminated." 235 N.W. at 237.

**304**

A few months after that decision, during 1931, the Michigan legislature amended the state probation statute to provide for imprisonment in the county jail as a condition of probation. In People v. Sarnoff, 302 Mich. 266, 4 N.W.2d 544, 140 A.L.R. 1206 (1942), the Supreme Court of Michigan discussed the subsequent change in legislative policy:

"In People v. Robinson, 253 Mich. 507, 235 N.W. 236, 237, decided February 27, 1931, the court held that 'probation is a substitute for imprisonment' and that 'imprisonment cannot be imposed until the probation is revoked or terminated.' Subsequent to this opinion, the Legislature amended Act No. 175, Pub.Acts 1927, 3 Comp. Laws 1929, § 17371 et seq. (Stat.Ann. § 28.1131 et. seq.), by adding to § 3 thereof the following: 'As a condition of probation, the court may require the probationer to be immediately imprisoned in the county jail for not more than sixty (60) days, or that he shall pay immediately or within the period of his probation, a fine imposed at the time of being placed on probation, or both, in the discretion of the court.' See Act No. 308, Pub.Acts 1931, 3 Comp.Laws 1929, § 17373 (Stat.Ann. § 28.1133).

"This amendment became effective September 18, 1931." 4 N.W.2d at 546.

Frabizzio v. State, supra, involved a state statute granting broad discretionary powers in matters of probation, i. e., § 4319, Del.Rev.Code (1935), now § 11–4321, Del. C.A. (1953), similarly as contained in I. C. § 19–2601, sub-par. 3, as hereinbefore discussed; but did not empower the Delaware trial court to impose sentence in the form of a fine as a condition of probation. See also Dennis, N.Y. Criminal Code and Penal Law, Title 9, § 932, as amended 1960, which specifically provides in the case of minors, that a requirement of incarceration not exceeding two years may be imposed, "in a facility made available by the division for youth * * * [or] in any other facility suitable and available to the court."

The interpretive decisions of our sister jurisdictions, to which we have referred, reflect the application of sound reasoning in the interpretation of various statutes in the particular area of probation under consideration, and are of material aid in construing I.C. § 19–2601, sub-par. 3, in relation to the issue whether such section of the statute authorizes the imposition of jail servitude as a condition of probation. Oneida County Fair Board v. Smylie, 86 Idaho 341, 386 P.2d 374 (1963). We hold that it does not, and that such a requirement as a condition of the order of probation in the case at bar was and is void.

We must now determine if the entire probation order was nullified by such void condition of probation. We hold that it was not because the void condition was severable from the order.

Where a void condition of a probation order is severable from the entire order granting probation, the valid portion will stand. Frabizzio v. State, supra; Ex parte Scarborough, 76 Cal.App.2d 648, 173 P.2d 825 (1946); People v. Ramos, 80 Cal. App. 528, 251 P. 941 (1926); 29 Cal.Jur. 2d, Judgments, § 357 (1956).

The Michigan Supreme Court, in People v. Robinson, supra, after ruling as void a condition of probation requiring jail servitude, remanded the case to the trial court with instructions to enter proper judgment, stating that the "statute provides that the conditions of probation may be altered or amended at the court's discretion." 235 N.W. at 237. Under I.C. § 19–2601, the district courts of this state retain jurisdiction during the term of probation and have the power to "make such orders relative thereto as the court in its sound discretion deems necessary and expedient."

In the "Probation Violation" report, filed March 15, 1962, appellant is shown to have violated the conditions of his probation after release from the county jail in that he, "1. Failed to make his monthly reports; 2. Failed to make restitution as ordered by the court; * * * 4. Married without the permission of the court; 5. Left the confines of the State of Idaho without permission of the court; 6. Failed to cooperate with the supervising Probation Officer." Appellant "acknowledged he was guilty of all of the probation violations filed against him" at the hearing and proceedings had before the Ninth Judicial District Court on April 3, 1962. Appellant having been brought before the court in such case, the judgment having been withheld previously, the court was empowered to "pronounce [the] judgment which it could originally have pronounced," which it did, I.C. § 19–2603; Ex parte Medley, supra. "There is no finality to an order for probation. It is not, in any general sense, a judgment * * *." 29 Cal.Jur.2d, Judgments, § 359 (1956); Ex parte Hays, supra, and Ex parte Goetz, supra. See also People v. Arguello, 59 Cal.2d 475, 30 Cal.Rptr. 333, 381 P.2d 5 (1963); People v. Smith, 195 Cal.App.2d 735, 16 Cal.Rptr. 12 (1961); cf. State ex rel. Wetzel v. Ellsworth, supra. In the light of the foregoing authorities, although the portion of the probation order imposing jail servitude was invalid, nevertheless such did not affect the jurisdiction of the court to pronounce the judgment upon appellant, originally withheld, implicity reserved in the order of probation in the event ap-

pellant violated any of the terms of his probation.

Appellant contends that the order of April 3, 1962, sentencing him to the Idaho State Penitentiary is null and void as being in contravention of that portion of Idaho Constitution, Art. I, § 13, dealing with former jeopardy. That contention is without merit. The constitutional guaranty against twice putting a person in jeopardy for the same offense does not apply to the serving of a sentence but only to being put on trial a second time for the same offense. Breeding v. Swenson, 240 Minn. 93, 60 N.W.2d 4 (1953); People v. Tibbits, 60 Cal.App.2d 335, 140 P.2d 726 (1943). Nor is appellant being compelled to serve an alternate sentence: State v. O'Dell, supra.

Appellant's remedy, to have tested the condition of the order on probation requiring jail servitude, would have been by attack of such order by prosecution of a writ of habeas corpus, upon his being subjected to jail incarceration, in order thereby to inquire into the cause of imprisonment or restraint. I.C. § 19–4201.

The order of the Third Judicial District Court denying the writ of habeas corpus and remanding appellant to custody, is affirmed, and the cause is remanded to such district court with directions that it issue a bench warrant for apprehension of ap-

pellant and his arrest thereon, and that he be committed to the custody of the warden of the Idaho State Penitentiary; that he be held by such officer in execution of the judgment, and that thereupon his bond be exonerated.

McFADDEN, J., concurs.

McQUADE, Justice (concurring and dissenting).

While we agree with the conclusion reached by Justice Smith in his opinion, we conclude that under I.C. § 19–2601 the district court did have jurisdiction to incarcerate the accused in the county jail as a special condition of the probation order.

In the proviso to I.C. § 19–2601, it is stated that if the crime involved is a felony and judgment is either suspended or withheld, "and the court shall place the defendant upon probation, it may be to the board of corrections or to some proper person selected and designated by the court, under such terms and conditions as the court deems necessary and expedient." On its face, the statute clearly gives the district court wide discretion in prescribing the terms and conditions of probation.

The Justice Smith opinion recognizes that the statute has delegated to the district courts abundant discretionary powers

in this area; however, it is contended therein that absent *express* statutory authority, courts are without jurisdiction to require imprisonment as a condition of probation. It was stated that: " * * * while the trial court has broad discretion in prescribing the conditions of probation, it is not given the necessary authority to incarcerate a defendant in the county jail as a special condition of probation." Were this the rule in this case, it would frustrate legislative intent by unjustifiably hampering the rehabilitation obligation and restricting the probationary powers of our trial courts.

In State v. O'Dell, 71 Idaho 64, at page 69, 225 P.2d 1020, at page 1022 (1950), we discussed the purposes and aims of the probation statute as follows:

"Sec. 19–2601, I.C., which extends to district courts the power to reduce the sentence provided by statute by confining the defendant in the county jail, or to suspend the execution of the judgment, or the pronouncement of sentence, or to withhold judgment and place the convicted person on probation at his discretion, is a humane provision, permitting the court, in proper instances, to exercise clemency in imposing sentence. *The purpose of the statute is the reformation and rehabilitation of a defendant*, particularly a first offender, and to give him an opportunity to reform and take his proper place in society. * * *" (Emphasis supplied.)

Because of their humane provisions and their highly remedial nature, statutes providing for suspension of sentence and probation are universally given liberal construction. Reeves v. United States, 35 F.2d 323 (8th Cir. 1929); Riggs v. United States, 14 F.2d 5 (4th Cir. 1926); Mann v. United States, 218 F.2d 936 (4th Cir. 1955); State v. Tomczyk, 20 Conn. Sup. 67, 123 A.2d 283 (1956); State v. Taylor, 151 Fla. 296, 9 So.2d 708 (1942); Meyer v. Missouri Real Estate Commission, 238 Mo.App. 476, 183 S.W.2d 342 (1944); Fuller v. Commonwealth, 189 Va. 327, 53 S.E.2d 26 (1949); Dyke v. Commonwealth, 193 Va. 478, 69 S.E.2d 483 (1952); United States ex rel. Tomasello v. Smith, 50 F. Supp. 464 (E.D.Penn.1943). In Idaho, we have long recognized and adhered to the rule that a remedial statute must receive a liberal construction in order to effectuate its purposes. Villages of Eden and Hazelton v. Idaho Bd. of Hwy. Dir., 83 Idaho 554, 367 P.2d 294 (1961).

As noted earlier, the purpose of the probation statute is nothing more or less than rehabilitation. State v. O'Dell, supra. With this in mind, the particular sentence which was imposed by the trial judge carried forth the statutory purposes. As

a federal judge stated when dealing with a similar problem:

"* * * I often find a young man, not really criminal at heart, but who needs a firm and decided check. A fine is no punishment for profitable crime, but rather stimulates to a return to it to retrieve the loss or pay back the money borrowed to pay the fine. A few days or weeks of confinement, with nothing to do but think, not in a penitentiary or crowded city prison, but in an almost tenantless rural jail, does far more to bring him to his senses, and to impress his companions, than any other thing will. If several months of such a sentence could be kept suspended over him afterwards, while on an informal five-year probation, it would practically insure his good conduct. It is far more effective than fear of a second offence, for as to that he must be discovered and convicted, with the many chances of escape involved, but a suspended sentence may fall upon him if and when his general conduct and reputation becomes such as to satisfy the judge that his probation is a failure." Archer v. Snook, 10 F.2d 567, 570 (N.D.Ga.1926).

It can hardly be disputed that such an order as was given in the instant case is clearly within the tenor and purpose of this humanitarian statute.

Justice Smith's opinion would have us restrict the meaning of probation so that it could never encompass incarceration. While such a restriction might have seemed reasonable twenty or thirty years ago, it is rapidly becoming apparent in this dynamic area of the law that probation signifies the employment of any reasonable means which may be used to effectuate the rehabilitation of the defendant. Thus in various jurisdictions, probation has been used to keep the defendant out of the automobile business, People v. Caruso, 174 Cal.App.2d 624, 345 P.2d 282 (1959); to sterilize the defendant, People v. Blankenship, 16 Cal.App.2d 606, 61 P.2d 352 (1936); to keep the defendant out of his own labor union, People v. Osslo, 50 Cal.2d 75, 323 P.2d 397 (1958); to force the defendant to give up gambling, Barnhill v. United States, 279 F.2d 105 (5th Cir. 1960); to make the defendant disclose evidence relevant to the crime for which he was convicted, United States v. Worcester, 190 F.Supp. 548 (D.Mass.1961); to make the defendant repair a building, People v. Sarnoff, 302 Mich. 266, 4 N.W.2d 544, 140 A.L.R. 1206 (1942); to force defendant to seek suitable employment, People v. Oskroba, 305 N.Y. 113, 111 N.E.2d 235 (1953); to force defendant to remain in a specified county, Miller v. State, 168 Tex.

Cr.R. 570, 330 S.W.2d 466 (1959); to force defendant to pay the funeral expenses of his victim, State v. Summers, 60 Wash. 2d 702, 375 P.2d 143 (1962); and to require the defendant to undergo such psychiatric and related treatment as the probation department from time to time may specify, People v. Ragusa, 20 A.D.2d 716, 247 N. Y.S.2d 310 (1964).

Moreover, in at least five jurisdictions, under statutory provisions no broader than I.C. § 19–2601, defendants have been required to serve periods of incarceration as conditions of their probation. In Texas and Kentucky, defendants have been made to serve, as conditions of their probation, terms of imprisonment in the Federal Narcotics Hospital in Lexington, Ky. Reese v. State, 167 Tex.Cr.R. 304, 320 S.W.2d 149 (1959); Fisher v. Commonwealth, 243 S.W.2d 881 (Ky.1951). In Minnesota, a defendant was placed on probation for five years subject to the condition that he spend the first year of his probation in the workhouse of the city of Minneapolis. Breeding v. Swenson, 240 Minn. 93, 60 N.W.2d 4 (1953). In the federal courts, one of the conditions of the order of probation was that for three years, relator surrender to the custody of the United States Marshal every week for a period of twenty-four hours. United States ex rel. Spellman v. Murphy, 217 F.2d 247 (7th Cir. 1954). In Ohio, the court ordered that defendant spend ten months in the county jail as a condition to his probation. Tabor v. Maxwell, 175 Ohio St. 373, 194 N.E.2d 856 (1963). In all of the above cases, the orders of the trial court were recognized as being valid upon appeal. (See also State v. Bassett, 86 Idaho 277, 385 P.2d 246 (1963), in which this court recognized that imprisonment is often used as a condition of probation.)

Diligent search throughout all of our probationary statutes fails to reveal any provisions which would justify the interpretation placed upon I.C. § 19–2601 by Justice Smith's opinion. As a matter of fact, all of the statutes which deal with probation reflect the liberality of the legislative intent in this area. A startling example is I.C. § 20–221, which states that, "By order duly entered the court may impose and may at any time modify any conditions of probation or suspension of sentence. * * *"

Moreover, the very terms of I.C. § 19–2901 require liberality in this area. There is contained therein no restrictions and no limitations other than that which the court "deems necessary and expedient." In order to sustain Justice Smith's position, we would be forced to read into the statute terms and conditions which have absolutely no place in this area of the law. The statute was passed to effectuate rehabilitation. It cleary provides that any reasonable means may be used in furtherance

of this laudable purpose. To adopt any other point of view would hamstring our trial judges, and disregard the beneficent purposes of our act.

The Justice Smith opinion fails to cite, and we are unable to find, any factually similar case which has arisen in the last thirty-three years which supports its position. People v. Robinson, 253 Mich. 507, 235 N.W. 236 (1931) seems to be the most recent expression of opinion which has been decided in its favor.

Only five months ago, however, the Supreme Court of Ohio ruled in a case indistinguishable from the case at hand, that the trial court had authority to condition probation in a felony case upon the accused's serving of a sentence in jail. Tabor v. Maxwell, supra. Quoting from 194 N.E.2d page 857 of the report, the facts are as follows:

"* * * On December 18, 1959, the Grand Jury of Summit County returned an indictment charging petitioner, Bernard Herbert Tabor, with one count of forgery. A plea of not guilty was entered and counsel was appointed to represent him. On January 12, 1960, petitioner withdrew his plea of not guilty and entered a plea of guilty. The court thereupon found that the public good did not require immediate sentencing and ordered that the imposition of sentence be sus-

pended and that petitioner be placed on probation for a period of three years. As a condition to such probation, the court ordered that petitioner spend ten months in the county jail with credit for time already spent in the jail to be credited on the ten months. On June 8, 1962, petitioner was brought into court as a probation violator. After a hearing, petitioner's probation was revoked and he was sentenced to the Ohio Penitentiary."

On page 858 of 194 N.E.2d, the Supreme Court discussed the action of the trial court:

"Petitioner argues that the conditioning of his probation on the serving of a jail sentence after he was sentenced to the penitentiary for one to 20 years was void. *It must be noted here that petitioner was not placed on probation after sentencing, as the imposition of the sentence was suspended. In other words, petitioner was not sentenced at the time he was placed on probation.* * * *" (Emphasis supplied.)

\* \* \* \* \* \*

"The question which arises in this case is whether a judge may make the serving of a jail sentence a condition to probation in a felony case. Section 2951.02, Revised Code, provides that the defendant may be put on probation

'upon such terms as such judge or magistrate determines.' This section endows the trial court with broad general powers in relation to conditions which may be imposed upon one placed on probation. It has been held that a court may condition probation in a felony case upon the accused's serving of a sentence in jail. * * * In addition to this, however, petitioner accepted the terms of the probation and thus is now in no position to complain. * * *"

The complete text of the Ohio Probation Statute referred to above reads as follows:

"2951.02. *Defendant on probation.* Where the defendant has pleaded guilty or has been found guilty and it appears to the satisfaction of the judge or magistrate that the character of the defendant and the circumstances of the case are such that he is not likely again to engage in an offensive course of conduct, and the public good does not demand or require that he be immediately sentenced, such judge or magistrate may suspend the imposition of the sentence and place the defendant on probation upon such terms as such judge or magistrate determines. This section does not apply to juvenile delinquents."

At this point, we feel it advisable to repeat the issue with which this dissent is concerned as it was defined in Justice Smith's opinion: "whether the court had jurisdiction, under I.C. § 19–2601, to incarcerate the accused in the county jail as a special condition of the probation order." If this is the issue, it is clear that recently at least four jurisdictions under similar statutes have held a court may condition probation in a felony case upon the accused's serving a period of incarceration. Tabor v. Maxwell, supra; United States ex rel. Spellman v. Murphy, supra; Fisher v. Commonwealth, supra; Breeding v. Swenson, supra. Furthermore, two other jurisdictions, including our own, have lent tacit assents. Reese v. State, supra; State v. Bassett, supra. In the Ohio, Texas, and Idaho cases, the situations are exactly the same in that judgment was withheld and probation was imposed without the imposition of sentence. In the Federal, Minnesota, and Kentucky cases, sentence was imposed but suspended *at the time of judgment* and the defendant was then placed upon probation. The Justice Smith opinion would attempt to distinguish these last three cases.

First of all, if we adhere to the issue as it was defined, these three cases cannot be distinguished. All three are concerned (as is the instant case) with whether or not incarceration can be made a valid condition

of probation. All three answer the issue in the affirmative.

Secondly, Justice Smith's opinion fails to mention any basis upon which these cases can be distinguished. We cannot see any realistic difference between the statement, "I hereby sentence you to three years in jail. However, I will suspend the execution of this judgment and place you on probation on the condition that you spend six months in the county jail." and "I'm going to withhold judgment and place you on probation on the condition that you spend six months in the county jail." The same effect is achieved either way. If one is valid, it would be a travesty to rule that the other is not. The law has long since outgrown medieval formalities which dictate that if you fail to say exactly the right thing in exactly the right way, you risk being thrown out of court.

Finally, the statute itself makes no distinction. We might agree that if the aforementioned three cases the execution of the sentence had not been suspended at the time of judgment, but at some time "during the term of a sentence in the county jail" [(I.C. § 19–2601(2)] that they might possibly be distinguished on that basis. However, the statute takes part of number 2 (Suspend the execution of the judgment at the time of judgment) and all of number 3 (Withhold judgment on such terms and for such time as it may prescribe and

may place the defendant upon probation) *and places them together in the proviso.* In other words, they are treated exactly the same by the statute. Both are to be read together and both are subject to the same liberal terms of probation:

> "Provided, however, that if the crime involved is a felony and *if judgment is withheld as provided in 3. above or if judgment and a sentence of imprisonment to the penitentiary is suspended at the time of judgment in accordance with 2. above and the court shall place the defendant upon probation,* it may be to the board of corrections or to some proper person selected and designated by the court, *under such terms and conditions as the court deems necessary* and expedient; * * *." (Emphasis supplied.)

To make the distinctions that the Justice Smith opinion attempts in this case would be to ignore the obvious intent of the legislature that the two portions of the statute should be treated alike.

To summarize, we make the following points: 1. The statute is broad enough to permit a trial judge to order incarceration as a condition of probation; 2. Statutes of this nature, due to their humane provisions, are universally given a liberal interpretation; 3. Ample authority exists to support the actions of the trial court; and. 4. There is no justification for the position.

of the Justice Smith opinion under modern authority or any known rules of statutory interpretation.

Finally, it should be pointed out that petitioner is presently in no position to challenge the validity of the action of the trial court. He accepted the terms of the probation and acquiesced in the conditions of the liberty accorded him and thus is now in no position to complain. Tabor v. Maxwell, supra; Persall v. State, 31 Ala.App. 309, 16 So.2d 332 (1944); In re McClane, 129 Kan. 739, 284 P. 365 (1930); Hunt v. State, 186 Ind. 644, 117 N.E. 856 (1917); Brooks v. State, 51 Ariz. 544, 78 P.2d 498, 117 A.L.R. 925 (1938).

We conclude, therefore, that under I.C. § 19–2601, the district court did have jurisdiction to incarcerate the accused in the county jail as a special condition of probation.

TAYLOR, Justice (concurring and dissenting).

I am in agreement with the conclusion reached in this case. However, I think it unnecessary to consider the authority of the district court to impose the sixty-day incarceration in the county jail as a condition of probation. As stated in the opinion, appellant's remedy against such incarceration was by writ sued out at the time of its imposition; and the fact of such incarceration, whether lawful or not, did not invalidate the order of probation nor deprive the district court of jurisdiction to pronounce judgment upon violation of other conditions of the probation, nor, upon termination of the period of probation, for other reasons.

The court had jurisdiction to pronounce the judgment which was ultimately entered.

Habeas corpus is not available to review prior proceedings for errors which do not affect the jurisdiction of the court, nor the validity of its judgment. Cobas v. Clapp, 79 Idaho 419, 319 P.2d 475, cert. den. 356 U.S. 941, 78 S.Ct. 785, 2 L.Ed.2d 816; Ex parte Olsen, 74 Idaho 400, 263 P.2d 388; In re Bean, 58 Idaho 797, 79 P.2d 540; In re Davis, 23 Idaho 473, 130 P. 786.

■ Assuming the issue as to the validity of the county jail incarceration to be properly presented in this case, I concur in the opinion of Justice McQuade thereon.

KNUDSON, Chief Justice (concurring and dissenting).

■ I am in agreement with the conclusion reached as stated in the final paragraph of the opinion written by Justice Smith. However, I do not concur with the view expressed in that opinion to the effect that the district court did not have jurisdiction to require jail servitude as a condition of probation. As concerns the court's jurisdiction in that respect, I concur in the opinion written by Justice McQuade, and it is my view that such issue was properly raised and presented in this case.